FAULKNER, Justice
(dissenting):
I concur in the dissent authored by Mr. Justice Beatty. As an addendum, I would like to add my own thoughts in the matter at hand.
The majority bases its conclusion on the separation of powers doctrine, § 43, Constitution 1901. In reality, that so-called doctrine is a myth. Since 1803 when Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 2 L.Ed. 60, authored by Chief Justice John Marshall, was decided by the United States Supreme Court, everything that the legislative branch has done is ultimately subject to judicial review.
In the case before us, the separation of powers doctrine ceased when the legislature set its members’ expenses for reimbursement at $85.00 pursuant to Amendment 57. (This amendment provides for payment of expenses incurred in the performance of duties.) Once the legislature decided what amount its members should be paid in expenses under the amendment, it became the function of the judiciary to determine if the $85.00 per day were paid pursuant to the Constitution, i.e., if it were incurred in the performance of their duties.